# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-3903

TIMOTHY MELTON,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 95 CR 50024-3—**Philip G. Reinhard**, *Judge.*

_____

SUBMITTED JANUARY 23, 2004—DECIDED FEBRUARY 13, 2004

_____

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Timothy Melton pleaded guilty in 1995 to drug offenses and, in exchange for cooperation, received a sentence of 216 months' imprisonment, or 90% of the statutory minimum that would have applied in the absence of a favorable recommendation by the prosecutor. More than a year later (and more than a year after the Antiterrorism and Effective Death Penalty Act of 1996 took effect), Melton filed a collateral attack under 28 U.S.C. §2255, contending that he would have received a lower sentence had his lawyer done a better job. The court recruited an attorney to assist Melton. Six months later, after his original counsel had filed an affidavit that demol-

ished his contentions, Melton dismissed this proceeding. In 2003 Melton again sought relief—and, doubtless recognizing that §2255 was no longer available given not only the time limit of §2255 ¶6 but also the earlier unsuccessful collateral attack, see 28 U.S.C. §§ 2244, 2255 ¶8, Melton styled this request as a petition for a writ of audita querela. Just as in 1997, Melton contended that his sentence had been spoiled by ineffective assistance of counsel.

The ancient writ of audita querela, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b), has no apparent relevance to criminal sentences. *Black's Law Dictionary* 126 (7th ed. 1999), describes it as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Melton is not a judgment debtor, and the territory of new facts and law is occupied for civil matters by Rule 60(b) and for criminal matters by Fed. R. Crim. P. 33 plus §2255. See *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982). The district judge viewed Melton's invocation of audita querela as reflecting confusion about the appropriate remedy to use and denied his application on that ground, inviting him to try again under §2255.

Things are not so simple, however, given the AEDPA. The prosecutor had asked the district judge not to *deny* the application but to *dismiss* it for want of jurisdiction. Melton can't try again tomorrow under §2255 and couldn't have employed §2255 at the time he filed this petition in the district court; his application in 1997 used up the only collateral attack allowed as of right, see *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003), and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under §2244 and §2255 ¶8. See *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996). The prosecutor brought this problem to the attention of the district judge, who did not mention the subject in the brief order denying Melton's petition.

Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of §2255 ¶1, *is* a motion under §2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996).

> Paragraph 1 of §2255 reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Melton's application fits comfortably within that coverage. It therefore was a motion under §2255, notwithstanding its caption, and the district court was obliged to dismiss it for want of jurisdiction because Melton had not received this court's permission to commence a second or successive collateral attack. Moreover, because §2255 governs, Melton needed a certificate of appealability in order to obtain appellate review, see 28 U.S.C. §2253(c), and he has neither

requested nor received one. (The district court also neglected to make the initial determination that Fed. R. App. P. 22(b)(1) calls for in all matters within the scope of §2255, even if the prisoner fails to request a certificate.)

Recharacterizing a prisoner's *initial* post-judgment motion as a collateral attack subject to §2255 has a potential to surprise a legal novice who may think that the motion does not jeopardize the right to one complete round of collateral review. Accordingly, the Supreme Court held in *Castro v. United States*, 124 S. Ct. 786 (2003), that unless the district judge has warned the prisoner that a motion will be treated as a collateral attack, and offered the opportunity to withdraw it (or add any other issues that would be included with a motion under §2255), the motion does not count as the one collateral attack allowed to each prisoner. See also, e.g., *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001). Recharacterizing a prisoner's *successive* collateral motions in the sentencing court as within the scope of §2255 does not pose any similar risk; the initial round of collateral review has been enjoyed (or, here, forfeited in the face of defeat), and the only question is whether the court will permit the prisoner to use nomenclature to defeat the rules established by Congress. To that the answer must be no. (The proviso "in the sentencing court" is important. Section 2255 concerns only motions in that forum. A collateral attack in the court with jurisdiction over the prisoner's custodian falls under 28 U.S.C. §2241 and is unaffected by the AEDPA, see *Felker v. Turpin*, 518 U.S. 651 (1996); *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998), though it must be dismissed unless §2255, even if diligently employed, would not have been adequate to test the legality of the conviction and sentence. See 28 U.S.C. §2255 ¶5; *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).)

We have held that a prisoner who seeks damages should not have the papers treated as a request for collateral review, and that a prisoner who wants to shorten his time

in custody should not have the papers converted into a civil suit under *Bivens* or 42 U.S.C. §1983. See, e.g., *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997). Litigation seeking damages is governed by rules—not only filing fees and the Prison Litigation Reform Act but also the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994)—that differ from those for collateral attacks. Prisoners are entitled to choose between requests for financial relief and requests for release, following the procedures (and taking the consequences) of each. Melton did not launch what was even arguably a quest for damages, however; his demand, filed in the criminal case under the original docket number, was that the judge either set aside his conviction or reduce his sentence. That is squarely within §2255 ¶1.

We have treated the papers that Melton has filed in this court as an implicit request for permission to commence another collateral attack. It would be inappropriate to grant such permission, however, because Melton's contention that he received ineffective assistance of counsel in 1995 does not meet any of the statutory criteria for second or successive collateral attacks.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.

**A true Copy:**

       **Teste:**

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*