```
┌────────────────────────────────────────┐
│        NONPRECEDENTIAL DISPOSITION       │
│        To be cited only in accordance with│
│             Fed. R. App. P. 32.1         │
└────────────────────────────────────────┘
```

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 26, 2007[*]
Decided October 4, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-2747

| | |
|---|---|
| EDWARD ALLEN,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>UNITED STATES OF AMERICA,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 01 CR 169-1<br><br>William T. Hart,<br>*Judge.* |

**O R D E R**

After robbing three banks (one of them, twice) in Chicago and Oak Park, Illinois, Edward Allen was found guilty of two counts of bank robbery in the federal courts. *See* 18 U.S.C. § 2113(a). The district court sentenced him to a total of 264 months' imprisonment. More than four years after the entry of judgment, Allen filed what he styled as a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b). He claimed that his guilty pleas were involuntary because neither the prosecutor nor his own counsel told him about the Statutes at Large—a failure

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

that, according to Allen, prevented him from understanding the robbery charges. The district court summarily denied the motion, and Allen appeals.

Allen's motion presents a claim for relief that is substantively within the scope of 28 U.S.C. § 2255 ¶ 1, and so the government argues that the submission *is* a motion under § 2255 and that we should dismiss this appeal because Allen did not obtain a certificate of appealability. *See, e.g.*, *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). The district court did not say what characterization it gave the motion, though the absence of any warning to Allen suggests that the court rejected the reading now urged by the government. *See United States v. Castro*, 540 U.S. 375, 383 (2003); *Melton*, 359 F.3d at 857. In any event, Allen's submission is frivolous, and in this court he concedes that "the district court had no grounds to grant the motion." Allen offers a different claim here—that his trial lawyer failed to file a notice of appeal as directed—and whereas that contention is not raised in Allen's motion it is thus waived. *See Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006).

AFFIRMED.