NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 14, 2008[*]
Decided May 15, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3457

| | |
|---|---|
| SHANE BRADLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-C-325 |
| STATE OF WISCONSIN, | |
| *Defendant-Appellee.* | John C. Shabaz, |
| | *Judge.* |

**O R D E R**

Shane Bradley is currently serving a federal sentence for dealing heroin. He was sentenced as a career offender on the basis of a previous state conviction for intimidation of a victim. He argued before the district court that errors in the allocution in his state case rendered his conviction void and thus unavailable as the basis for the upward adjustment of

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

his federal sentence. This appeal is from the district court's order denying his petition for a writ of error *coram nobis*. Because Bradley's petition attacks his current, federal sentence, the district court should have construed it as a motion under 28 U.S.C. § 2255—his second such motion. We vacate the district court's judgment and remand with instructions to dismiss the petition for lack of jurisdiction.

In 1993 Bradley was charged with, among other crimes, intimidation of a victim, in violation of WIS. STAT. § 940.45(3). But Wisconsin later submitted an information that incorrectly referred to Bradley's offense as "intimidation of a witness." See WIS. STAT. § 940.45(2). Bradley pleaded no contest, and the state court correctly explained the elements of "intimidation of a victim," but it also occasionally misstated the offense as "intimidation of a witness."  Bradley asked that his judgment of conviction be amended to reflect that he was actually convicted of "intimidation of a witness."  It was, and Bradley promptly filed a petition for a writ of error *coram nobis* in the state court, asserting that his conviction for "intimidation of a victim" should be vacated or expunged because—as the judgment of conviction now reflected—he had never been convicted of that crime. The state trial court declined and the Wisconsin Court of Appeals summarily affirmed.

It is not clear when Bradley was released from state custody, but by December 2003 a federal grand jury had indicted him for distributing a mixture containing heroin. He pleaded guilty in March 2004. In June 2005 he moved unsuccessfully under 28 U.S.C. § 2255 to vacate his guilty plea. We granted a certificate of appealability on two issues and remanded for an evidentiary hearing. See *Bradley v. United States*, 219 F. App'x 587 (7th Cir. 2007). On remand, the district court again denied relief, and we recently denied his request for a certificate of appealability. See *Bradley v. United States*, No. 07-3664 (7th Cir. Mar. 18, 2008).

Meanwhile, in June 2007, Bradley filed the papers at issue here, which he captioned a "Petition for a Writ of Error" under the All Writs Act, see 28 U.S.C. § 1651(a). Bradley requested that the district court order the Wisconsin state courts to change the judgment of conviction, and also noted that if he succeeded, he believed that he would be entitled to a reduction of more than 10 years in his federal sentence. The district court first construed Bradley's petition as one for habeas corpus under 28 U.S.C. § 2254, but upon reconsideration, and noting that Bradley was no longer in state custody, it re-construed the papers as a petition for a writ of error *coram nobis*. The district court then dismissed the petition after considering it on the merits and, on Bradley's motion to alter or amend judgment, adhered to its initial order.

We have said many times that "prisoners cannot avoid the AEDPA's rules by inventive captioning." See *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). "Any

motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255." *Id.* (emphasis in original). This action was filed in the district court that imposed the sentence and it attacks the constitutionality of that sentence. Specifically, Bradley claims that his right to due process was violated because his sentencing guideline range was calculated in part on the basis of a conviction to which, he alleges, he never pleaded guilty. The relief Bradley seeks is a reduction of more than 10 years in his federal sentence. Bradley's claims fall squarely within what has been renumbered as § 2255(a),[2] and the district court, therefore, should have construed Bradley's petition as a motion under § 2255.

But Bradley has already received one round of collateral review. Accordingly, this constitutes a "second or successive" collateral attack, requiring our permission to proceed. See *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). And, since Bradley did not obtain our permission, the district court was without jurisdiction to consider his petition. See *Jackson v. United States*, 463 F.3d 635, 639-40 (7th Cir. 2006); *United States v. Lloyd*, 398 F.3d 978, 981 (7th Cir. 2005).

The district court's judgment is VACATED and the case REMANDED with instructions to dismiss for lack of subject-matter jurisdiction.

---

[2]The eight paragraphs of 28 U.S.C. § 2255 have been restyled as subsections (a) through (h), effective January 7, 2008.