NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 2, 2011*
Decided August 4, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 11-1925 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 89 CR 908 - 25 Rebecca R. Pallmeyer, *Judge*. |
| SAMMY KNOX, *Defendant-Appellant*. | |

## Order

Sammy Knox is serving a sentence of life imprisonment for drug crimes. Our opinion affirming the denial of his petition for relief under 28 U.S.C. §2255 sets out the history. *Knox v. United States*, 400 F.3d 519 (7th Cir. 2005).

Five years after that decision, Knox filed in the district court a motion seeking a lower sentence. He asserted that this motion should be addressed under the version of

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Fed. R. Crim. P. 35(a) that applies to crimes before November 1, 1987, when the Sentencing Reform Act and the Sentencing Guidelines took effect. The current version of Rule 35(a) permits a district judge to fix technical errors within 14 days of sentencing, and Knox's motion was filed long after that. But the older rule lacked a time limit.

The district judge concluded that the current rule applies to Knox, because his drug dealing continued after November 1, 1987. Knox's argument to the contrary had been rejected at his original sentencing and again at his resentencing in 1998, and on appeal we held that the evidence permitted the district court to conclude that the El Rukn gang (of which Knox was a leader) distributed drugs after the new law's effective date. *United States v. Boyd*, 208 F.3d 638, 648–49 (7th Cir. 2000), remanded on other grounds, 531 U.S. 1135 (2001), sentence affirmed again on remand, No. 98-2036 (7th Cir. Apr. 3, 2011) (non-precedential decision). The pre-1987 rule could not be applied to Knox without first upsetting the conclusion—on which his sentence depends—that his criminal activity continued after the transition date. The district court therefore concluded that this motion, though nominally under old Rule 35(a), was actually a successive collateral attack, which must be dismissed because it had not been authorized by this court under the criteria of 28 U.S.C. §§ 2244 and 2255(h). See *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004) (holding that a motion seeking the kind of relief authorized by §2255(a) is one under that statute, no matter what caption the prisoner puts on the motion).

We agree with the district court that Knox is attempting to wage a collateral attack through the back door. This means, among other things, that he cannot appeal without a certificate of appealability. 28 U.S.C. §2253(c). We do not see any substantial constitutional issue raised by the district court's decision and accordingly decline to issue a certificate of appealability. The appeal is dismissed.