**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2013[*]
Decided April 16, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3693

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08-40072-001 |
| KYLE E. PITTENGER, *Defendant-Appellant.* | Joe Billy McDade, *Judge*. |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Kyle Pittenger, a federal prisoner, appeals the denial of his postjudgment motion to reduce sentence. Because this was his second such collateral attack, however, the district court should not have denied the motion but treated it as successive, first requiring authorization from this court to proceed. 28 U.S.C. § 2255(h). Pittenger filed a notice of appeal, which we construe as a request for a certificate of appealability. *See* FED. R. APP. P. 22(b)(2). We deny Pittenger a certificate of appealability and dismiss the appeal.

In 2009 Pittenger pleaded guilty to mail fraud. *See* 18 U.S.C. § 1341. In his plea agreement, he waived his right to appeal or collaterally attack his conviction or sentence on any basis, including deficient performance of his attorney. The court calculated a total offense level of 28, which included a 4-level increase because Pittenger was associated with a securities broker, *see* U.S.S.G. § 2B1.1(b)(18)(A)(ii), and a 2-level increase for abuse of a position of trust, *see* U.S.S.G. § 3B1.3, and sentenced him to 87 months' imprisonment, the bottom of his calculated guidelines range. Despite his agreement not to collaterally attack his conviction or sentence, Pittenger filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging violations of the Sixth Amendment and ineffective assistance of counsel. The court enforced Pittenger's waiver and dismissed the motion.

In 2012 Pittenger filed a motion that is the subject of this appeal; he labeled it "Motion Challenging the impermissible assessment of a Two-Level 'Abuse of Position of Trust' enhancement, in violation of Emergency USSG Amendment 647."[1] He challenged the district court's calculation of his guidelines range, arguing that since he received a 4-level enhancement under U.S.S.G. § 2B1.1(b)(18)(A)(ii) for being a "financial advisor associated with a broker," he should not have also received a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust. The district court denied the motion. The court agreed that it had erred in applying the abuse-of-trust enhancement, *see* U.S.S.G. § 2B1.1, cmt. n.14(c), but pointed out that Pittenger in his plea agreement had waived his right to appeal, and noted that nothing in the record suggested that Pittenger's plea was not voluntary or knowingly made. The court, also noting that Pittenger's motion relied upon Federal Rule of Civil Procedure 60(b), found that rule unavailable to a defendant challenging his sentence in a criminal case.

---

[1] Amendment 647, one of the January 2003 amendments to the guidelines, added a new subsection (now 18) to U.S.S.G. § 2B1.1, increasing the base offense level by four for offenses involving a violation of securities law. U.S.S.G. app. C (2003).

On appeal Pittenger challenges the denial of his most recent motion because his guidelines range had been miscalculated. Pittenger believes that the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), require that his sentence be based on an accurate guidelines calculation. But Pittenger had previously filed a § 2255 motion, so this motion constituted a second or successive collateral attack. No matter how a motion is labeled, a court should treat it as arising under 28 U.S.C. § 2255 if the prisoner–like Pittenger here–challenges the legality of his detention or sentence and requests that his sentence be vacated, set aside, or corrected. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). But before a federal prisoner may file a second or successive § 2255 motion, he must first obtain on order from us authorizing the district court to consider the motion. *See* 28 U.S.C. § 2255(h); *Curry*, 507 F.3d at 604. Pittenger neglected to do so, and the district court should have dismissed the motion for lack of jurisdiction *See Curry*, 507 F.3d at 605.

Because Pittenger's motion was a successive collateral attack, his appeal may not proceed without a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1); *United States v. Carraway*, 479 F.3d 845, 849 (7th Cir. 2007). Pittenger did not seek such a certificate in the district court, and he has not expressly sought one here, but his notice of appeal constitutes an implicit request. *See* FED. R. APP. P. 22(b)(2). Before a certificate of appealability may be granted, however, the petitioner must present a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). Pittenger's challenge to the district court's guideline calculation does not meet this demanding standard. *See Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013).

Accordingly, we DENY Pittenger a certificate of appealability and DISMISS his appeal.