NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 28, 2013*
Decided January 15, 2014

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

PHILIP G. REINHARD, *District Judge***

| | |
|---|---|
| No. 13-1903 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 1:92-cr-133-LJM-KPF |
| CRAIG KENNEDY, *Defendant-Appellant.* | Larry J. McKinney, *Judge.* |

### Order

Craig Kennedy contends that he is entitled to relief under the version of Fed. R. Crim. P. 35 that applies to persons whose crimes predate November 1, 1987. The district court held that Kennedy is not such a person, because the conspiracy of which he was

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

** Of the Northern District of Illinois, sitting by designation.

convicted continued after that date. The district judge is right; offenses that straddle the effective date of the Sentencing Reform Act of 1984 are governed by the new rules. See, e.g., *United States v. Fazio*, 914 F.2d 950, 958–59 (7th Cir. 1990).

Kennedy would not be entitled to relief even under the former rule, which deals with illegal sentences. Kennedy contends that the Guideline range was miscalculated, but that sort of error (if there was an error, which we do not address) does not make a sentence "illegal." That word refers to a sentence imposed in excess of the statutory maximum, or under the wrong statute, and Kennedy does not contend that either sort of error occurred.

If Kennedy believes that he has grounds for a successive collateral attack (he has filed and lost the one allowed to every defendant), he must make a proper application in the court of appeals for permission to pursue an additional round of collateral review. Creatively captioned motions in the district court do not evade the limits on multiple collateral attacks. See, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004).

AFFIRMED