NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014[*]
Decided February 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2019

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:01-cr-30154 |
| | |
| DARRELL JONES, | G. Patrick Murphy, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Darrell Jones pleaded guilty to multiple counts of trafficking crack and powder cocaine. *See* 21 U.S.C. § 841(a)(1). As part of his plea agreement, Jones waived the right to challenge his sentence on direct appeal or in a collateral attack; we enforced that waiver on direct appeal. *United States v. Jones*, 381 F.3d 615, 616–19 (7th Cir. 2004). We later declined to grant a certificate of appealability when Jones challenged his convictions and sentence in a first motion to vacate under 28 U.S.C. § 2255. *Jones v. United States*, No. 06-2509 (7th Cir. Oct. 17, 2006). Since then Jones has filed more than a dozen other motions attacking his convictions or sentence, all of them labeled as motions under 28 U.S.C. § 2241 or Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Each of these was rejected by the district court. Jones also moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the sentencing guidelines. The district court granted that motion and reduced Jones's term of imprisonment from 360 months to 292 months.

Jones styled his submission underlying this appeal as a "Motion for Relief of Judgment Under FED. R. CIV. P. 60(b)(6) and (d)(1) & (3), and Fraud Upon the Court." The district court characterized this motion as little more than "nonsensical ramblings," though plainly it qualifies as a motion under § 2255 because Jones accuses the prosecutor of breaching the parties' plea agreement. *See Elzy v. United States*, 205 F.3d 882, 884–87 (6th Cir. 2000); *United States v. Nyhuis*, 211 F.3d 1340, 1342–45 (11th Cir. 2000). The district court denied the motion, but Jones had not obtained our permission to launch this successive collateral attack, and thus the district court should have dismissed the action for lack of subject-matter jurisdiction. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000). Jones then filed a notice of appeal but neglected to apply for a certificate of appealability, which is necessary to proceed in this court. *See* 28 U.S.C. § 2253(c)(1)(B).

We have construed Jones's submissions on appeal as an implicit request for permission to proceed, *see Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004), but after reviewing the district court's decision and the record, we conclude that Jones has not made a substantial showing of the denial of a constitutional right. Accordingly, we **DENY** his application for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). We warn Jones that if he continues to file successive collateral attacks on his convictions without our authorization, he is likely to face monetary sanctions and a restriction on future filings. *See Montgomery v. Davis*, 362 F.3d 956, 957–58 (7th Cir. 2004); *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997).