NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2017[*]
Decided May 5, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2286

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 463-1 |
| ROBERT SMITH, *Defendant-Appellant*. | Rubén Castillo, *Chief Judge*. |

**O R D E R**

Robert Smith appeals the dismissal of an unauthorized, second collateral attack on his 2005 conviction for planting a deadly explosive. Because Smith has not sought authorization for this second attack, as he must, we affirm the dismissal.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Smith left a pipe bomb at the office of his ex-girlfriend's new boyfriend, which a bomb squad managed to dismantle. A jury convicted him of possessing an unregistered explosive device, 26 U.S.C. § 5861(d); making an explosive device without paying the required taxes, *id.* § 5861(f); attempting to destroy a place of business with an explosive, 18 U.S.C. § 844(i); and carrying a pipe bomb while committing a crime of violence, *id.* § 924(c)(1)(A). The district judge sentenced him to 30 years' imprisonment for violating § 924(c)(1)(A) and 120 months' imprisonment for violating §§ 844(i), 5861(d), and 5861(f), and ordered that these sentences run concurrently. We affirmed the judgment a decade ago. *See United States v. Smith*, 502 F.3d 680 (7th Cir. 2007).

Smith later moved for a new trial, *see* FED. R. CRIM. P. 33, asserting that he had found exculpatory evidence and that the district court judge had a conflict of interest. The district court judge denied his motions because Smith's new evidence did not raise doubt about his guilt and recusal was unnecessary. We upheld the denials. *See United States v. Smith*, Nos. 08-2859, 09-1836, 2009 WL 3459451, at *2–3 (7th Cir. Oct. 28, 2009).

A year later, in 2010, Smith collaterally attacked his conviction. He contended that the district court should have required the jury to find explicitly that he possessed a destructive device before he could be found guilty of violating 18 U.S.C. § 924(c)(1)(A). The district court denied relief, and we refused to grant a certificate of appealability because Smith had not made a "substantial showing of the denial of a constitutional right." *Smith v. United States*, No. 11-1663, slip op. at 1 (7th Cir. June 7, 2011).

That brings us to the events underlying this appeal. In 2016, more than a decade after being sentenced, Smith sought to correct his sentence. First he argued that he was denied "a fair sentence" because, he asserted, he could be convicted of only one offense per statutory section; therefore his convictions under 26 U.S.C. §§ 5861(d) and (f) constituted double jeopardy in violation of the Fifth Amendment. Second he contended that his prison term was too long because he was convicted of a nonexistent crime: the judgment states that he was convicted of violating "18 U.S.C. § 444(I)," a nonexistent statute. (This mistake arose from a clerical error in listing the incorrect statute for his conviction under 18 U.S.C. § 844(i).) Third he blamed his delay in filing his motion on having been "unconscious for more than 10 consecutive months in 2014–2015." Construing his requests as motions to correct a sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, which has a 14-day time limit, the district court denied them as untimely.

On appeal Smith maintains that the district court should have forgiven the untimeliness of his motions because, he says, "an 'inmate' attack . . . rendered him unconscious for several months." But even if we could accept Smith's assertion and discount the months in which he was allegedly incapacitated, he still did not comply with the 14-day time limit for correcting a sentence under FED. R. CRIM. P. 35(a) because his motions were late by nearly a decade.

In any event Smith's requests were actually unauthorized, successive collateral attacks because his requests seek to invalidate his sentence. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (explaining that "it does not matter how the prisoner labels his pleading" and that "substance . . . controls"). Smith was not permitted to file another petition in the district court without first requesting and obtaining permission from this court. 28 U.S.C. § 2244(b)(3)(A). He did not do so, which means that the district court was correct to not consider the merits of his arguments. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Finally we address the clerical error on the judgment. The judgment incorrectly lists Smith's conviction for attempting to bomb the office as violating "18 U.S.C. § 444(I)." The correct citation is 18 U.S.C. § 844(i). Rule 36 authorizes us to correct "at any time" clerical errors on the judgment. FED. R. CRIM. P. 36; *see also United States v. Gill*, 824 F.3d 653, 666 n.4 (7th Cir. 2016), *United States v. Anobah*, 734 F.3d 733, 739–40 (7th Cir. 2013). We therefore order the clerk of the district court to amend the judgment so that it correctly states that he was convicted of violating 18 U.S.C. § 844(i).

AFFIRMED AS MODIFIED.