NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2558
_____

In re: JELANI SOLOMON,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Cr. No. 2-05-cr-00385-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 17, 2017

Before: SHWARTZ, RENDELL and FISHER, Circuit Judges

(Opinion filed: September 1, 2017)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Jelani Solomon has filed a petition for writ of mandamus. For the

reasons set forth below, we will deny the petition.

        In 2008, Solomon was convicted of conspiracy to distribute cocaine and

committing murder during and in relation to the cocaine conspiracy. He was sentenced to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

life imprisonment. We affirmed. See United States v. Solomon, 387 F. App'x 258 (3d Cir. 2010) (non-precedential). The Government also initiated a civil forfeiture proceeding and ultimately took possession of, among other things, several parcels of real property. A final order of forfeiture was entered in September 2006. See W.D. Pa. Civ. A. No. 05-1498 dkt. #12. Solomon has repeatedly attacked this forfeiture order, to no avail. In November 2010, in response to Solomon's repetitive filings, the District Court directed the Clerk of the Court to refuse to docket further filings from Solomon in the forfeiture action without Court preauthorization. See W.D. Pa. Civ. A. No. 05-1498 dkt. #31. Solomon did not appeal that order; instead, he began to file his forfeiture-related challenges in his criminal docket, and in March 2014, the District Court entered a filing injunction in that action as well. See W.D. Pa. Crim. A. No. 2-05-cr-00385 dkt. #912. Solomon did not appeal that order, either.

Solomon has now filed a petition for writ of mandamus. His argument is somewhat difficult to follow. He seems to contend that, because the Government obtained an order of civil forfeiture before his criminal trial began, the Government violated principles of res judicata or estoppel by referring to the property subject to that order at his criminal trial. (The Government argued at trial that Solomon's unaccounted-for wealth was circumstantial evidence of his involvement in illegal activities.[1]) It appears that he now seeks to set aside his criminal judgment.

---

[1] While the Government included forfeiture allegations in the criminal indictment, the District Court did not enter a criminal forfeiture order.

We will deny Solomon's petition. He could have raised this challenge to his conviction either on direct appeal, see In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."), or, potentially, via a motion under 28 U.S.C. § 2255, cf. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citation omitted)). Therefore, mandamus relief is not available.

We will thus deny the mandamus petition.