CLD-316                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2289
_____

IN RE:  ED JOHNSON,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1-08-cr-00146-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 27, 2017

Before:  SHWARTZ, RENDELL, and FISHER, <u>Circuit Judges</u>

(Opinion filed: September 28, 2017)

_____

O P I N I O N *

_____

**PER CURIAM**

Ed Johnson petitions for a writ of mandamus.  He specifically requests that this

Court issue a writ "directing [the] Clerk of the United States District Court for the

District of Delaware to order a new trial" in his underlying criminal case.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Johnson filed a motion for a new trial under Federal Rule of Criminal Procedure 33 in the District Court in March 2017. The District Court denied that motion on July 3, 2017. Thus, to the extent Johnson requests a writ compelling the District Court to decide on his Rule 33 motion, such request is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

To the extent Johnson requests a writ of mandamus compelling the District Court to enter an order notwithstanding his Rule 33 motion, such request must be denied. Mandamus is an extraordinary remedy, In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994), and is appropriate only when a petitioner shows that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992) (quoting Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403 (1976)). "[A] petitioner cannot claim the lack of other means to relief if an appeal taken in due course after entry of a final judgment would provide an adequate alternative to review by mandamus." In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006); see also Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996).

It appears Johnson has filed a notice of appeal regarding the District Court's Order denying his Rule 33 motion. Moreover, a § 2255 motion is the presumptive vehicle to challenge a criminal conviction. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of

2

judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." (citation omitted)).  Thus, Johnson has adequate alternative means of obtaining the relief he seeks, and we will deny his petition.