**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2017[*]
Decided November 8, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1590

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 89 CR 908-2 |
| THOMAS L. BATES, | |
| *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Thomas Bates, convicted in federal court in 1992, appeals the district court's denial of his motion challenging orders pertaining to his federal pretrial detention. Because the district court correctly decided that it did not have authority to consider the motion, we affirm.

Bates was a high-ranking member in the El Rukn organization, a notorious Chicago street gang involved in drug trafficking. In 1992 a jury convicted him of

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

racketeering and narcotics offenses, for which he received a sentence of life imprisonment. After the district court denied Bates's motion for a new trial, we affirmed the judgment in 1997. See *United States v. Williams*, 139 F.3d 902 (7th Cir. 1997) (unpublished). Even though 20 years have passed since that decision—and 17 years have elapsed since his collateral attack under 28 U.S.C. § 2255 was denied as untimely— Bates has not stopped filing motions in his criminal case. Among these are unsuccessful motions to modify his sentence, to amend the judgment, to reopen the case for further discovery, and to enter judgment on a special verdict.

A motion filed in March 2017 is the subject of this appeal. Bates moved for "release from detention" under 18 U.S.C. §§ 3142(f), (j), 3145(b). These statutes establish the procedure for federal courts to consider releasing a defendant before trial. Bates contends, among other things, that the district court entered pretrial detention orders without a hearing or fair notice and that, as a result, the court should now release him. The district court denied his motion, reasoning that Bates's challenge to his pretrial detention was moot because he has since been convicted and is serving a life sentence.

The district court correctly ruled that it could not consider Bates's motion. Following the imposition of a sentence, the district court has the power to address motions made in the same criminal case "only when authorized by statute or rule." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003); see *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005); *Romandine v. United States*, 206 F.3d 731, 734–35 (7th Cir. 2000). Two examples are 18 U.S.C. § 3582(c)(2) (regarding sentencing reductions based on retroactive amendments to the Sentencing Guidelines) and Federal Rule of Criminal Procedure 35 (allowing sentencing reductions for substantial assistance or certain errors). No matter how Bates labels his motion, we evaluate its substance. See *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Bates does not invoke either section 3582(c)(2) or Rule 35 in the motion, and rightly so because he is not attacking his sentence. Nor could he attack his sentence under 28 U.S.C. § 2255 without prior authorization from this court, because Bates already brought such an attack in 2000. See 28 U.S.C. § 2255(h). With no authority to consider the motion, the court rightly rejected it.

AFFIRMED.