**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2883

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 13-CR-00020-001-WTL |
| MICHAEL NEWELL, | |
| *Defendant-Appellant.* | William T. Lawrence, |
| | *Judge.* |

**O R D E R**

Michael Newell participated in a drug-dealing operation to bring large amounts of marijuana into Indiana. After being arrested, he pleaded guilty to conspiring to distribute and to possess with intent to distribute 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and to conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). As part of his plea agreement, he entered into a broad

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

appeal waiver. The district court sentenced him to ten years' imprisonment and eight years' supervised release.

Fourteen months later, Newell filed a motion seeking a declaratory judgment that marijuana was not a Schedule I illegal controlled substance at the time of his conviction in 2015. He also moved to vacate his criminal judgment because he contended that marijuana's status as a legal substance made his conviction for conspiring to possess and distribute this drug void. The district court denied his motion, explaining with reference to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and (b)(1)(B)(vii), that at both the current time and the time of his conviction, marijuana was an unlawful controlled substance under federal law.

On appeal Newell maintains that marijuana is not a Schedule I controlled substance and alternatively argues that this drug should be declared "lawful." Even though he styled his motion as seeking a declaratory judgment, he is trying to attack his conviction collaterally. See *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("[I]t does not matter how the prisoner labels his pleading. … It is substance that controls."). But in his plea agreement, he waived the right to bring such a challenge, and so we cannot consider it:

> Defendant expressly waives his right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceedings, including, but not limited to, an action brought under 28 U.S.C. § 2255.

See *United States v. Worthen*, 842 F.3d 552, 554–55 (7th Cir. 2016) (emphasizing the enforceability of appeal waivers). No exception to the appeal waiver is suggested by the record in this case. See *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). We therefore DISMISS the appeal.