**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided May 30, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3129

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 09-CR-30007-DRH |
| LARRY A. BECHEL, <br> *Defendant-Appellant*. | David R. Herndon, <br> *Judge.* |

**O R D E R**

     Larry Bechel, a federal prisoner, appeals the dismissal of his motion challenging the validity of his 2010 criminal conviction. In his motion, which he captioned as brought under Federal Rule of Civil Procedure 60(b), he argued that his criminal judgment was void because the presiding magistrate judge was not authorized to accept his felony guilty plea. The district court dismissed the motion for lack of jurisdiction. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Bechel pleaded guilty in 2010 before a magistrate judge to sexual exploitation of a minor, 18 U.S.C. § 2251, transportation of a depiction of a minor engaging in sexually explicit conduct, *id.* § 2252A(a)(1), and possession of matter containing a depiction of a minor engaging in sexually explicit conduct, *id.* § 2252A(a)(5)(B). He was sentenced by a district judge to 200 months' imprisonment and lifetime supervision, and did not appeal.

In 2015, Bechel moved under 28 U.S.C. § 2255 to vacate his federal sentence, arguing that his guilty plea was invalid based on *United States v. Harden*, which held that the Federal Magistrates Act, 28 U.S.C. § 636, does not permit magistrate judges "to accept guilty pleas in felony cases and adjudge a defendant guilty." 758 F.3d 886, 888 (7th Cir. 2014). The court denied Bechel's motion because he had forfeited his argument by not raising it on direct appeal, and alternatively because *Harden* had not been deemed retroactive.

The subject of this appeal is a motion that Bechel filed in 2017 challenging the magistrate judge's handling of his felony guilty plea. He captioned it as arising under Federal Rule of Civil Procedure 60(b)(4) or Rule 60(b)(6), but it attacks the validity of his conviction. The district judge considered whether any statutes or court rules would allow him to review such a motion in a closed criminal case, but determined that none applied. The motion had been filed too late to be reviewed under the Federal Rules of Criminal Procedure; Bechel had not received permission from this court to bring a second motion under 28 U.S.C. § 2255; and he was not entitled to relief under Federal Rule of Civil Procedure 60(b) because he had identified no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect.

On appeal Bechel challenges the district court's determination that it lacked jurisdiction to review his motion because the magistrate judge's adjudication of his guilty plea in his criminal case was the type of "egregious" jurisdictional error cognizable in a Rule 60(b)(4) motion. *See United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000). But because Bechel's motion attacks the validity of his conviction, it is properly construed as a successive collateral attack under § 2255: any postjudgment motion in a criminal proceeding that falls within the scope of § 2255 is considered a motion under § 2255, irrespective of how the prisoner labels it. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Bechel's motion essentially repeats that his judgment of conviction is void because a magistrate judge accepted his guilty plea and adjudicated his conviction. But Bechel may not attack his conviction using § 2255 without prior authorization from this court (which he has not obtained) because he

already has brought a § 2255 action. *See* § 2255(h); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it."). Without authority to consider the motion, the judge correctly dismissed it for lack of jurisdiction.

AFFIRMED