**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2328

| | |
|---|---|
| CHARLES E. SWEENEY, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:92-cr-00004-SEB-VTW |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Charles Sweeney, Jr., an Indiana inmate who has a remaining term of five years of federal supervised release, seeks to use Federal Rule of Civil Procedure 60(b)(4) to vacate his federal conviction for using an explosive device. The district court denied his motion. This motion falls within 28 U.S.C. § 2255 and was an unauthorized successive

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

collateral attack. As we have done in similar cases, we vacate and remand the case with directions for the district court to dismiss the motion for lack of jurisdiction.

Over 25 years ago, Sweeney placed a pipe bomb underneath the car of a police officer who was investigating him for the murder of Daniel Guthrie. He was charged with and, in 1992, pleaded guilty to, using the pipe bomb in connection with a crime of violence, *see* 18 U.S.C. § 924(c), with an uncharged predicate offense of attempting to damage or destroy a vehicle, *see* 18 U.S.C. § 844(i). The district judge sentenced him to 210 months' imprisonment and five years' supervised release. (He was later convicted in Indiana state court for murdering Guthrie and sentenced to 60 years' imprisonment.)

Sweeney then brought numerous attacks on his convictions. Although he failed to appeal his federal conviction directly, three years after his conviction he moved to vacate his conviction under 28 U.S.C. § 2255, arguing in part that his guilty plea was not knowing and voluntary. The district court denied his motion, and this court affirmed. *Sweeney v. United States*, 151 F.3d 1033 at *2–4 (7th Cir. 1998). Sweeney later filed a series of petitions seeking collateral relief from his conviction, and all were denied. After 15 years in federal custody, Sweeney was transferred in 2007 to a state prison in Indiana to serve his murder sentence. That brings us to his current challenge.

Invoking Federal Rule of Civil Procedure 60(b)(4), Sweeney argued to the district judge in 2018 that his conviction under 18 U.S.C. § 924(c) was "a legal nullity (void) for lack of jurisdiction." He contended that he did not violate federal law because the indictment for the predicate offense of attempting to destroy a car, 18 U.S.C. § 844(i), did not mention the element of interstate commerce. The government countered that this Rule 60(b) motion was really a disguised motion under 28 U.S.C. § 2255 and that the district court lacked jurisdiction over the unauthorized successive motion.

The district judge considered but denied the motion on the merits. She ruled that, because Sweeney could not bring a § 2255 motion (as he was no longer a federal prisoner) and she still had jurisdiction over his case, she would decide the motion under Rule 60(b). She concluded that Sweeney had not shown the exceptional circumstances that Rule 60(b) requires because the indictment cited § 844(i), the statute recites language about interstate commerce, and Sweeney pleaded guilty to violating that statute.

On appeal, Sweeney contends that the district court abused its discretion in denying his motion under Rule 60(b)(4) because the indictment itself did not refer to interstate commerce. But Sweeney assumes that he was entitled to have the district

court consider his motion. He was not. In a criminal case, any postjudgment motion that substantively falls within the scope of § 2255 must be treated as a motion under § 2255, no matter how a prisoner labels it. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Because Sweeney attacks the validity of his conviction, what he calls a Rule 60(b) motion is substantively a successive collateral attack under § 2255. 28 U.S.C § 2255(a); *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007).

The district court should have dismissed Sweeney's motion for lack of jurisdiction. Though Sweeney is currently in state prison, he still must complete five years of federal supervised release upon his exit. A prisoner may ordinarily collaterally challenge a conviction that underlies an undischarged term of detention. *Peyton v. Rowe*, 391 U.S. 54, 64–65 (1968); *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). And Sweeney's scheduled supervised release stemming from his federal conviction is such a detention. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). But Sweeney may not attack his conviction using § 2255 without prior authorization from this court (which he has not sought or obtained for this claim) because he has previously brought a § 2255 action. *See* 28 U.S.C. § 2255(h); *Curry*, 507 F.3d at 604 ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it."). Because he did not seek or obtain permission, the district court should have dismissed Sweeney's motion for lack of jurisdiction. *Carraway*, 478 F.3d at 849; *Curry*, 507 F.3d at 605.

Two final notes. First, we have treated Sweeney's notice of appeal as an implicit request for permission to bring this collateral attack (based on his commerce-clause argument) but deny permission. *See Melton*, 359 F.3d at 858. We decline to grant permission to commence this collateral attack because Sweeney's challenge does not meet the statutory criteria under § 2255(h) for successive collateral attacks. He has presented no newly discovered evidence or a new, retroactive decision by the Supreme Court. Second, nothing in this order affects this court's recent decision granting Sweeney permission to bring a successive motion on a different theory: that his predicate crime (18 U.S.C. § 844(i)) is not categorically a "crime of violence" under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Sweeney v. United States*, No. 18-3271 (7th Cir. Nov. 14, 2018).

As we have done in prior cases, *see, e.g., Curry, 507* F.3d at 605; *Melton*, 359 F.3d at 858, we VACATE the judgment of the district court and REMAND the case with instructions to dismiss for want of jurisdiction.