**Michael A. SVEUM, Petitioner–Appellant,**

v.

**Judy P. SMITH, Respondent–Appellee.**

No. 05–1225.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 25, 2005.

Decided March 31, 2005.

Michael A. Sveum, Oshkosh, WI, pro se.

Aaron R. O'Neil, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before POSNER, WOOD, and EVANS, Circuit Judges.

PER CURIAM.

The district court denied Michael Sveum's habeas corpus petition in December 2000. Four years later, Sveum filed a motion under Fed.R.Civ.P. 60(b) arguing that the district court had improperly denied his petition by not holding an evidentiary hearing on his ineffective assistance of counsel claim. The district court concluded that Sveum's motion was an unauthorized successive collateral attack, dismissed the motion for lack of jurisdiction, and later denied Sveum's motion for reconsideration.

■ In deciding whether to grant Sveum's request for leave to proceed in forma pauperis on appeal, the district court struggled with the issue of whether a petitioner who files an unauthorized collateral attack needs a certificate of appealability in order to be allowed to appeal. *Jones v. Braxton*, 392 F.3d 683 (4th Cir. 2004), holds that a district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required. *Id.* at 688. We agree. Were this not the rule, a prisoner could circumvent the certificate requirement just by labeling his successive collateral attack a Rule 60(b) motion. Sveum's Rule 60(b) motion was a mislabeled habeas corpus petition reasserting his ineffective assistance of counsel claim. *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir.2002). He must therefore obtain a certificate of appealability in order to be able to proceed. *Jones v. Braxton, supra,* 392 F.3d at 688. And because this is an unauthorized successive collateral attack, Sveum cannot satisfy the criteria for a certificate of appealability, so we DENY his request for one.