In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-3226

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN L. CARRAWAY,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 93-CR-30025-27-WDS—**William D. Stiehl**, *Judge.*

---

SUBMITTED JANUARY 22, 2007[Œ]—DECIDED MARCH 8, 2007

---

Before COFFEY, KANNE, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Defendant-Appellant John L. Carraway appeals pro se from the district court's decision

---

[Œ] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this appeal was submitted to the panel of judges that disposed of Carraway's direct appeal of his conviction and sentence. *See United States v. Carraway*, 108 F.3d 745 (7th Cir. 1997) (per curiam). Neither party has included in its brief a statement indicating that oral argument is necessary, *see* Fed. R. App. P. 34(a)(1) and Circuit Rule 34(f), and upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. P. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of this appeal. The appeal was therefore submitted on the briefs and the record.

to dismiss, for want of jurisdiction, his post-judgment motion seeking relief from his conviction and sentence and the denial of his request for reconsideration. We conclude that the district court correctly treated Carraway's motion as a second or successive request for relief pursuant to 28 U.S.C. § 2255 and, because Carraway had not first sought this court's leave to pursue such a request, properly dismissed the motion for want of jurisdiction. Because this was a final order for purposes of 28 U.S.C. § 2253(c)(1)(B), Carraway must obtain a certificate of appealability in order to obtain appellate review of the district court's decision. We deny him such a certificate and dismiss his appeal.

## I.

Thirteen years ago, a jury convicted Carraway of conspiring to distribute (and to possess with the intent to distribute) cocaine and cocaine base, in violation of 21 U.S.C. § 846. The district court ordered him to serve a prison term of 240 months, to be followed by a ten-year period of supervised relief. On direct appeal, this court affirmed his conviction and sentence. *United States v. Carraway*, 108 F.3d 745 (7th Cir. 1997) (per curiam).

In 1998, Carraway filed a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. The district court denied his request for relief in October 1999. Carraway appealed, but in an order dated April 12, 2000, a two-judge panel of this court denied his request for a certificate of appealability, concluding on review of the district court's order and the record that there was no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). One month later, the court denied Carraway's motion for reconsideration.

On January 24, 2005, Carraway commenced a new challenge to his sentence in the district court. Under the

docket number assigned to the original criminal proceeding, Carraway filed a pro se motion that he styled as a request for relief under Federal Rule of Civil Procedure 60(b)(5). R. 985. That civil rule grants a district court discretion to relieve a party from a final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Carraway's motion attacked his conviction and sentence on a variety of grounds, but the first and principal argument advanced in his motion was that in view of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), his sentence was invalid because its length was determined in part by adverse factual findings rendered by the sentencing judge rather than a jury.

The district court dismissed Carraway's motion for lack of jurisdiction. R. 987. Although Carraway had labeled his motion as a request for relief under Rule 60(b)(5), the court concluded that the motion was properly understood as one seeking to vacate, set aside, or correct Carraway's sentence pursuant to section 2255. Because Carraway had already pursued one collateral attack on his conviction and sentence, he was precluded from pursuing a second or successive challenge unless authorized to do so by this court. *See* § 2255 ¶ 8; § 2244(b)(3). Carraway had not sought this court's leave to file another section 2255 petition. In view of that omission, the district court concluded that it was without jurisdiction to entertain his motion and dismissed it on that basis. Carraway moved for reconsideration of the dismissal, R. 989, but the court denied his motion, R. 994.

After filing a timely notice of appeal, R. 995, Carraway filed a motion asking the district court to allow him to proceed on appeal in forma pauperis. R. 996. The district

court granted that request. R. 998. The court also treated his motion as an implicit request for a certificate of appealability pursuant to section 2253(c). The court denied that request, concluding that Carraway had not made a substantial showing of the denial of a constitutional right. R. 998.

## II.

On appeal, Carraway largely reiterates that *Booker*[1] effected such a significant change in sentencing law that he should be permitted to seek relief from his sentence notwithstanding his previous section 2255 petition. However, the threshold question that we must confront is whether the district court properly understood Carraway's Rule 60(b) motion as an unauthorized second or successive request for relief under section 2255. If so, then the dismissal of the motion for want of jurisdiction qualifies as a final order for purposes of section 2253(c)(1)(B), such that Carraway's ability to appeal is conditioned on his receipt of a certificate of appealability. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir.) (per curiam), *cert. denied*, ___ U.S. ___, 126 S. Ct. 442 (2005).

The district court correctly characterized Carraway's motion as a request for relief under section 2255. The fact that Carraway labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that

---

[1] Carraway continues on appeal to invoke *Blakely* as well as *Booker*, but as *Blakely* expressed no opinion as to the constitutionality of the United States Sentencing Guidelines, *see* 542 U.S. at 305 n.9, 124 S. Ct. at 2538 n.9, *Booker* is the relevant precedent. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 545 U.S. 1110, 125 S. Ct. 2559 (2005).

controls how his request for relief shall be treated. *E.g.*, *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)).[2] As we stated in *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000), any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion. *See also Lloyd*, 398 F.3d at 980. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" § 2255 ¶ 1. Carraway seeks relief from his sentence on the very types of grounds identified in section 2255. Principally Carraway is contending that in light of *Booker*, his sentence is constitutionally defective. Likewise, the other errors raised in Carraway's motion are essentially challenges to the lawfulness of his confinement. Thus, although styled as a motion invoking Rule 60(b)(5), Carraway's motion is properly understood as a request for relief pursuant to

---

[2] The oddity that Carraway has invoked a civil rule while seeking relief in a criminal case has not escaped our attention. However, the fact that Carraway's motion was filed in a criminal proceeding, to which the rules of civil procedure do not apply, is not alone dispositive of the viability of the motion. *See Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993). It is the substance of the motion that matters, *id.*, and as we proceed to explain, the substance of Carraway's motion reveals that it is really a request for relief pursuant to section 2255 and as such is subject to the statutory limitations on second or successive section 2255 motions.

section 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647-48 (2005); *United States v. Scott*, 414 F.3d 815, 816-17 (7th Cir. 2005); *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002).

Understood as a request for section 2255 relief, Carraway's motion is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals. § 2255 ¶ 8; 28 U.S.C. § 2244. Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request. *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It is undisputed that Carraway did not seek such authorization. The district court thus had no option other than to dismiss his motion. *Id.*

The district court's lack of jurisdiction does not deprive this court of jurisdiction to review the dismissal of Carraway's motion. *E.g.*, *Lloyd*, 398 F.3d at 979. However, the jurisdictional dismissal does constitute a final order in a proceeding under section 2255. *See* § 2253(c)(1)(B); *Sveum*, 403 F.3d at 448. Consequently, Carraway may only appeal if he obtains a certificate of appealability. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); *Sveum*, 403 F.3d at 448. As we have noted, the district court denied him such a certificate. R. 998. We too are empowered to issue such a certificate, § 2253(c)(1), and Carraway has indeed asked us to do so.

Having reviewed the appellate briefing and the record, we conclude as the district court did that Carraway is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2). Although Carraway's request for relief invokes various constitutional rights (including, as relevant to his *Booker* claim, the Sixth Amendment right to trial by a jury), he has not demonstrated that he

possesses a potentially valid basis for asserting such rights now but not at the time that he pursued his first section 2255 motion. Carraway's lead argument, that his sentence is unconstitutional in light of the Supreme Court's 2005 opinion in *Booker*, obviously relies on new precedent, but the argument could properly be pursued in a second or successive section 2255 motion only if it relied on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* § 2255 ¶ 8(2). Yet, the Supreme Court has not (yet) made *Booker* retroactive to cases on collateral review, and this court itself concluded in *McReynolds v. United States*, 397 F.3d 479 (7th Cir.), *cert. denied*, 545 U.S. 1110, 125 S. Ct. 2559 (2005), that the *Booker* holding does *not* apply retroactively to criminal cases which became final before *Booker* was decided in January 2005. As for the other issues that Carraway raises secondarily in his petition, so far as the record and briefing reveal, none is based on a new rule of constitutional law nor upon newly discovered evidence that might be sufficient to establish by clear and convincing proof that no reasonable factfinder would have found Carraway guilty. *See* § 2255 ¶ 8(1) and (2). In short, Carraway's motion does not present the types of claims that might warrant permission to pursue a second or successive motion for relief under section 2255. And because he lacks a basis for pursuing these claims now, thirteen years after his conviction and more than eight years after he commenced his first collateral challenge, Carraway cannot show that he has been deprived of his constitutional rights. *See Sveum*, 403 F.3d at 448 ("because this is an unauthorized successive collateral attack, Sveum cannot satisfy the criteria for a certificate of appealability").

## III.

The district court correctly characterized Carraway's motion as one seeking relief under 28 U.S.C. § 2255, and

because Carraway had previously sought relief under section 2255 and yet failed to seek this court's leave to file a second or successive motion under that statute, the district court was without jurisdiction to entertain the motion. Carraway may challenge the dismissal of his motion only if he first obtains a certificate of appealability in compliance with 28 U.S.C. § 2253(c). We have concluded that Carraway has not made a substantial showing that he was denied one or more of his constitutional rights. *See* § 2253(c)(2). For these reasons, we DENY Carraway a certificate of appealability and DISMISS his appeal.

A true Copy:

      Teste:

 

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*