In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-4359

RUFUS WEST,

*Petitioner-Appellant,*

*v.*

RICHARD SCHNEITER, Warden,
Wisconsin Secure Program Facility,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05-C-1085—**J.P. Stadtmueller**, *Judge.*

SUBMITTED MARCH 1, 2007—DECIDED MAY 4, 2007

Before EASTERBROOK, *Chief Judge*, and POSNER and
ROVNER, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Does a prisoner who wants
to appeal from the denial of a post-judgment motion in a
collateral proceeding need a certificate of appealability
under 28 U.S.C. §2253(c)? We give an affirmative answer,
conclude that this petitioner is not entitled to a certifi-
cate, and dismiss the appeal.

Rufus West applied for a writ of habeas corpus under
28 U.S.C. §2254 and lost on the ground that his applica-
tion was untimely. After the Supreme Court held in
*Gonzalez v. Crosby*, 545 U.S. 524 (2005), that a post-

judgment motion in a federal collateral proceeding is treated as a "second or successive" collateral attack, for the purpose of 28 U.S.C. §2244(b)(1) and §2255 ¶8, only if it presents a distinct "claim" for release, West filed a motion under Fed. R. Civ. P. 60(b)(6) for relief from judgment. He argued that the district judge had been mistaken to think the application untimely. That's the sort of argument that under *Gonzalez* is not a new claim for release and thus does not inaugurate a new collateral attack. The district judge denied this motion, and West appealed.

West did not, however, ask this court for a certificate of appealability. He may believe that a certificate is required only when the petitioner contests the district judge's substantive decision and not when the appellate issue concerns a procedural ruling. That is not, however, what the statute says. Section 2253(c)(1)(A) provides that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court". An order rejecting a Rule 60(b) motion is a "final order"—that's why it is appealable. And this is an order "in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court".

The Court remarked in *Gonzalez*, 545 U.S. at 535 & n.7, that "[m]any Courts of Appeals have construed 28 U.S.C. §2253 to [require] a habeas petitioner to obtain a COA [certificate of appealability] as a prerequisite to appealing the denial of a Rule 60(b) motion". This circuit has never addressed that question explicitly; we now join the other circuits that have considered this issue and hold that §2253(c)(1) requires a certificate of appealability for any appeal in a proceeding under §2255 or where "the detention complained of arises out of process issued by a State court".

A notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application. Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). But a petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A notice of appeal does not give reasons, and a silent document rarely constitutes a "substantial showing" of anything. What's more, questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001); *Davis v. Borgen*, 349 F.3d 1027 (7th Cir. 2003). When both a substantial constitutional question and a substantial procedural question are present, a certificate of appealability may comprise both issues. See *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). But it will be the rare case in which a court of appeals espies substantial constitutional *and* statutory questions that the petitioner has not thought it worthwhile to point out.

West has not tried to identify any substantial constitutional question material to this appeal. Even if there were such a question, a certificate could not issue because the antecedent statutory questions about the period of limitations and the proper use of Rule 60(b) are not substantial. *Gonzalez* stressed that Rule 60(b)(6) may not be used to reopen an adverse decision unless extraordinary circumstances justify that step. 545 U.S. at 536-38. West maintains that the statute of limitations does not apply to anyone who claims to be actually innocent. That's not true, see *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005), and, more to the point, is an argument that

West could have made by taking an appeal from the district judge's initial order denying his petition. Litigants who want to test the correctness of a district court's decision must appeal immediately. No extraordinary post-judgment event justifies reopening this decision under Rule 60(b).

We decline to issue a certificate of appealability. The appeal is dismissed.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*