**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 12, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3668

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-73 |
| CHARLES T. McINTOSH, *Defendant-Appellant.* | William C. Griesbach, *Judge.* |

**O R D E R**

Federal inmate Charles McIntosh pleaded guilty to one count of conspiring to distribute crack cocaine and was sentenced to 173 months' imprisonment.[1]  In July 2009,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2)(C).

[1] McIntosh initially was sentenced to 216 months' imprisonment, but the district court

(continued...)

after filing an unsuccessful motion for collateral relief under 28 U.S.C. § 2255, McIntosh filed a motion captioned as a "Bill of Review Atlas Motion." The district court denied (rather than dismiss for lack of subject-matter jurisdiction) McIntosh's motion, noting that he had not raised any issues that could be reviewed at that point in the proceedings and that the time for filing post-conviction motions for relief had already passed. McIntosh appeals, claiming that, under the holding of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the district court always has authority to set aside or correct a judgment procured through fraud, which, he contends, was the nature of his motion. Specifically McIntosh argues, as he did in his earlier § 2255 motion, that the police, with the help of the prosecutor, submitted fraudulent affidavits and investigation reports to the state magistrate judge in order to obtain the warrants for his arrest and to search his house. We conclude that the district court did not have jurisdiction to consider McIntosh's "Bill of Review Atlas Motion" because it should have been construed as an unauthorized successive § 2255 motion.

We first recount the procedural background. After his guilty plea, McIntosh never appealed his conviction or sentence. Instead, he filed his § 2255 motion in December 2007—14 months after the date of judgment—despite prior warnings from the district court that he must meet the one-year filing deadline. *See* 28 U.S.C. § 2255(f). In his motion McIntosh set forth four grounds for relief: a claim that, in violation of the Fourth Amendment, police submitted false affidavits to obtain the warrants for his arrest warrant and to search his house; a claim of prosecutorial misconduct alleging that the prosecutor conspired with police to knowingly submit false or fraudulent documents to the court; an insufficient-evidence claim; and a claim of ineffective assistance of counsel. The district court denied McIntosh's motion as untimely, and McIntosh did not appeal that decision either.

The denial of his § 2255 motion did not, however, stop McIntosh from trying to find other ways to attack his conviction collaterally. He later filed a motion to dismiss his conspiracy conviction, alleging that all seven of the counts initially listed in his indictment (the conspiracy charge plus six drug-distribution counts) were duplicitous. The district court denied the motion, explaining that it was not only untimely, but also constituted a second or successive § 2255 motion for which McIntosh had not obtained permission from this court to file. *See* 28 U.S.C. § 2244(b)(3).

---

[1](...continued)
later granted the parties' joint motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence to 173 months based on retroactive amendments made to the Sentencing Guidelines relating to crack cocaine. *See* U.S.S.G. Supp. to App. C, 226-31(2009) (Amendment 706).

McIntosh's "Bill of Review Atlas Motion" is his latest attempt to challenge his conspiracy conviction on the basis of the "fraudulent" warrant application. He invokes the *Hazel-Atlas* case, in which the Supreme Court held that federal courts possess the inherent power to vacate a judgment obtained by fraud on the court. The government responds that, while the district court possesses such power in general, § 2244(b)(3) nonetheless constrains the court to construe the "Bill of Review" as another successive § 2255 motion because it raises the same claims of fraud as he did in his prior, untimely § 2255 motion.

"[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). The substance of McIntosh's post-judgment motion is a request for relief from the underlying criminal judgment. Such a request, regardless of its caption, requires advance authorization from the court of appeals where, as here, its substance attacks the constitutional validity of the criminal judgment on the merits. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *see also* § 2255(h); § 2244(b)(3); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because he did not obtain the necessary authorization, the district court lacked jurisdiction to consider his motion. *See Jackson v. United States*, 463 F.3d 635, 639-40 (7th Cir. 2006); *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005). And because the conditions of § 2244(b)(3) have not been met, we also deny any implied request for permission now.

Therefore, we VACATE the district court's dismissal and REMAND with instructions to DISMISS for lack of subject-matter jurisdiction.