[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15761

Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02943-JDW-MAP

OSCAR RAY BOLIN, JR.,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 7, 2016)

Before ED CARNES, Chief Judge, TJOFLAT and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

On December 28, 2015, prior to his execution for the murder of Teri Lynn Matthews, which is scheduled to take place on January 7, 2016, Oscar Ray Bolin, Jr., filed a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. In conjunction with that petition, Bolin moved for a stay of execution. On December 30, 2015, the District Court dismissed Bolin's petition for lack of jurisdiction because Bolin failed to show that he was entitled to file a second or successive habeas petition under 28 U.S.C. § 2244.[1]  Accordingly, the court denied his request for a stay as well.[2]

---

[1] Bolin has also filed an application seeking from this Court authorization for the district court to consider a second or successive petition for a writ of habeas corpus.  We have denied that application in a separate order.  *See In re: Oscar Ray Bolin, Jr.*, No. 15-15710-P (11th Cir. Jan. 4, 2016).

[2] The court did, however, grant a certificate of appealability (COA) that reads, in full: "Bolin is granted a [COA] on the issue of the district court's jurisdiction." *Oscar Ray Bolin, Jr. v. Sec'y, Dep't of Corr.*, Case No. 8:15-cv-2943-T-27MAP, at 5–6 (M.D. Fla. Dec. 30, 2015) (emphasis added).  That COA was granted in error on a broad jurisdictional question rather than a specific constitutional denial as required by 28 U.S.C. § 2253(c).  As we made clear in *Spencer v. United States*, federal courts "cannot ignore the clear command" that "Congress articulated in subsections 2253(c)(2) and (3)."  773 F.3d 1132, 1137 (11th Cir. 2014) (en banc).  Those provisions provide that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right" and "shall indicate which specific issue or issues satisfy [that] showing."  28 U.S.C. §§ 2253(c)(2), (3).  Though we ultimately exercised our discretion to rule on the merits in Spencer despite a faulty COA because of the "late hour" at which the issue was raised and the substantial judicial resources already expended, we also noted that "[w]e will

2

Because the District Court was correct to dismiss Bolin's successive habeas petition for lack of subject-matter jurisdiction and because our precedent establishes that such a dismissal does not constitute a "final order in a habeas corpus proceeding" for purposes of 28 U.S.C. § 2253(c), we affirm that dismissal as a "final decision" pursuant to 28 U.S.C. § 1291.

The District Court correctly held that Bolin lacked jurisdiction to bring a second or successive petition because he failed to first obtain authorization to do so from this Court as required by 28 U.S.C. § 2244(b)(3)(A).[3] For the reasons given in our order denying Bolin's application for leave to file a second or successive habeas petition, *see In re: Oscar Ray Bolin, Jr.*, No. 15-15710-P, at 6–13 (11th Cir.

---

not be so lenient in future appeals when a certificate fails to conform to the gatekeeping requirements imposed by Congress." *Spencer*, 773 F.3d at 1137–38; *see also Damren v. Florida*, 776 F.3d 816, 820–21 (11th Cir. 2015) (reiterating that "we are reluctant to disregard the gatekeeping requirements Congress has set up" but choosing to reach the merits because of the litigation's "lengthy procedural journey," which lasted more than a decade and involved a previous appeal before this Court). We ended our discussion of the correct process for issuing a COA by warning that a "failure to specify" the underlying constitutional issue, whether committed by this Court or a district court, "will result in the vacatur of the certificate." *Spencer*, 773 F.3d at 1138.

Here, the District Court failed to identify with any meaningful degree of specificity a potential *constitutional* denial. Rather, the COA encompasses only a *jurisdictional* question— and an extraordinarily capacious one at that. Given that the entirety of this round of Bolin's habeas litigation has lasted only a handful of days, we see no reason not to make good on our warning in *Spencer*. Were we not affirming the District Court's dismissal of Bolin's successive petition for lack of subject-matter jurisdiction, we would vacate the COA as improvidently granted.

[3] Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

3

Jan. 4, 2016), Bolin is unable to show either that he is entitled to bring a successive habeas petition in line with the requirements of 28 U.S.C. § 2244 or that the claims he seeks to bring "f[a]ll within [the] small subset of unavailable claims that could not reasonably be categorized as 'successive.'" *Stewart v. United States*, 646 F.3d 856, 861 (11th Cir. 2011) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222, 224 (5th Cir. 2009)). Therefore, the District Court properly held that it was barred from hearing Bolin's latest battery of claims.

Before concluding, we pause briefly to note why a COA need not issue before we can affirm a district court's dismissal of a second or successive habeas petition for lack of subject-matter jurisdiction. As we have previously held, a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a "final order in a habeas corpus proceeding" for purposes of 28 U.S.C. § 2253(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). If it did, due to the limits Congress imposed on our jurisdiction, either a COA would first have to issue or our review would be precluded. Instead, such a dismissal is a "final decision" pursuant to 28 U.S.C. § 1291 and a COA is thus "unnecessary to permit us to review the district court's order of dismissal." *See id.*

With that in mind, we AFFIRM the District Court's dismissal of Bolin's successive habeas petition for lack of subject-matter jurisdiction.

AFFIRMED.

4

ED CARNES, Chief Judge, concurring.

I agree with the Court that we are bound by precedent to hold that a certificate of appealability is not required before a petitioner can appeal a district court's dismissal under 28 U.S.C. § 2244(b)(2) & (3)(A) of a habeas petition for lack of subject matter jurisdiction. See Hubbard v. Campbell, 379 F.3d 1245 (11th Cir. 2004). That is unfortunate because Hubbard wrongly decided that issue.

A habeas petitioner is required to obtain a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A) (emphasis added). Where a district court dismisses a habeas petition for lack of jurisdiction, "the petitioner has no further recourse in the district court, and, as such, the dismissal is a final order by that court." United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). And the order is obviously "in a habeas corpus proceeding." See Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004). That being so, § 2253(c)(1)(A) expressly prohibits a petitioner whose petition was dismissed for lack of jurisdiction from appealing that dismissal without a COA. All the circuits to address the issue have reached that conclusion. See Harper, 545 F.3d at 1233; Resendiz v. Quarterman, 454 F.3d 456, 458 (5th Cir. 2006); Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005); Jones, 392 F.3d at 688–89. Except us.

5

Without the benefit of the later decisions from those four other circuits, the Hubbard opinion's entire discussion of the COA issue consists of just three sentences:

> Section 2253(c) has no application here because the district court's decision dismissing the Amended Petition is not "a final order in a habeas corpus proceeding" within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction. We have jurisdiction to review the order pursuant to 28 U.S.C. § 1291.

379 F.3d at 1247. Each of those three sentences is purely conclusory. None of them explains why a jurisdictional dismissal, which is "a final order dismissing [a petition] for lack of subject matter jurisdiction," is not "a final order in a habeas corpus proceeding." An order dismissing a habeas proceeding for lack of jurisdiction is as much a final order as one dismissing a habeas proceeding for lack of merit. Both finally dispose of the proceeding. The Hubbard opinion does not explain why an order dismissing a habeas petition for lack of jurisdiction is a "final decision" under § 1291, but not a "final order in a habeas corpus proceeding" for purposes of § 2253(c)(1)(A).

In Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc), we held that "a certificate of appealability is required for the appeal of any denial of a [Federal Rule of Civil Procedure] 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 . . . proceeding." We reiterated that

holding in Jackson v. Crosby, 437 F.3d 1290, 1294–95 (11th Cir. 2006). Given our en banc holding in Gonzalez, what Hubbard means is that if a petitioner labels his successive pleading a Rule 60(b) motion he must obtain a COA to appeal the dismissal of it on jurisdictional grounds, Gonzalez, 366 F.3d at 1263, but if he labels it a § 2254 petition he can appeal the dismissal of it on jurisdictional grounds without a COA, Hubbard, 379 F.3d at 1247. That illustrates Hubbard's error.

If we were free of the Hubbard decision, I would hold that the dismissal of a habeas petition for lack of subject matter jurisdiction is a "final order in a habeas corpus proceeding" that requires a COA under § 2253(c)(1)(A). Given that we must follow Hubbard until it is overturned, I join the Court in addressing the "merits" of the district court's decision that under § 2244(b)(2) & (3)(A) Bolin's petition was due to be dismissed for lack of jurisdiction, and I agree that decision should be affirmed.