NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2018
Decided May 17, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3392

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:00-CR-40065-JPG-1 |
| COREY A. WILLIAMS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

## O R D E R

In 2001, Corey Williams was found guilty of conspiring to distribute crack, possessing with intent to distribute crack, and being a felon in possession of a firearm. He received a sentence of life imprisonment. In 2003, he filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2255. The district court denied it, and we denied Williams's request for a certificate of appealability. He then asked this court for permission to file a successive § 2255 motion, which we denied in 2005.

Since then, Williams has repeatedly attempted to file unauthorized successive § 2255 petitions with the district court, disguising them as motions for relief from

judgment pursuant to Rule 60(b). One of those motions, filed in 2017 in his original criminal case, is before us now.

The district court cautioned Williams that if he did not withdraw the Rule 60(b) motion at issue here, it would construe it as a successive petition. He did not do so, and the district court dismissed the motion for lack of jurisdiction. Because the district court dismissed the motion for lack of jurisdiction, Williams needed to obtain a certificate of appealability in order to appeal the dismissal. *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). He does not expressly seek one here, but in the absence of an express request, his notice of appeal constitutes a request. *West v. Schneiter*, 485 F.3d 393, 394–95 (7th Cir. 2007). Nonetheless, the district court correctly interpreted the Rule 60(b) motion as an unauthorized successive collateral attack, so we DENY a certificate of appealability, *see Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005), and DISMISS this appeal.