**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019[*]
Decided November 20, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 19-1067 & 19-1161

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07-cr-30143-NJR-CJP |
| JUSTIN KRIVI, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

This is a consolidated appeal from four district court orders. Federal inmate Justin Krivi filed multiple motions attempting to challenge his decade-old criminal conviction and sentence for various drug offenses. The district court granted a motion to reduce Krivi's sentence under Amendment 782 to the Sentencing Guidelines, but

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

otherwise rejected all other requests by Krivi that sought to attack his original conviction. Krivi has appealed, and we affirm the judgments of the district court.

Krivi was charged by superseding indictment with five counts: conspiracy to distribute 1000 kilograms of marijuana, 5 kilograms of cocaine, and 50 grams of methamphetamine (Count 1); possession with intent to distribute 500 grams of cocaine (Count 2); possession with intent to distribute 100 kilograms of marijuana (Count 3); attempt to possess with intent to distribute 50 grams of methamphetamine (Count 4); and forfeiture of the property obtained from the criminal acts or used during the commission of the acts (Count 5). As part of the plea process, the government agreed to dismiss Count 4 and exclude methamphetamine from the conspiracy charge in Count 1. Judge Murphy acknowledged as much at the plea hearing when he remarked that he did not intend to sentence Krivi based on the methamphetamine charge. But the written judgment, meting out a 262-month sentence, reflected that his conviction under Count 1 was for "Consp. to distribute 1000 kilograms or more of marijuana & 5 kilograms or more of cocaine & 50 or more grams of meth" (emphasis added).

Eight years later, in 2017, Krivi moved to correct that clerical error in the judgment under Federal Rule of Criminal Procedure 36. Judge Rosenstengel, to whom the case was reassigned after Judge Murphy retired, granted Krivi's motion and ruled that the judgment was corrected to redact the reference in Count 1 to 50 grams of methamphetamine. An amended judgment has since been filed.

Then, in late 2018, Krivi filed the first of several motions that are the subject of this appeal. His first motion, filed by counsel, sought to reduce his sentence under Amendment 782 to the Sentencing Guidelines (which had the effect of reducing his offense level from 36 to 34) and to allow his counsel to withdraw. The government agreed that Amendment 782 lowered Krivi's guideline range and did not object to the reduction. Krivi then filed a pro se motion, citing an irreconcilable conflict with his attorney, and asked the court to hold in abeyance his hearing to reduce his sentence and to relieve the public defender's office as his counsel. On December 18, the district court granted the motion pursuant to Amendment 782 and reduced Krivi's sentence from 262 months to 210 months. The district court also granted the request to dismiss the public defender, granted counsel's request to withdraw, and denied all other relief.

Krivi next moved under Federal Rule of Criminal Procedure 35(a) to amend the judgment based on the mistaken reference to methamphetamine in his conviction under Count 1. On January 4, 2019, the judge denied Krivi's motion, saying that she had already corrected Krivi's judgment under Rule 36 by redacting the reference in Count 1 to methamphetamine, and did not intend to amend the judgment under Rule 35.

Finally, Krivi filed his last motion, asserting that the district court had somehow been "stripped" of jurisdiction to enter its three prior orders because, according to Krivi, Judge Murphy (back in 2009) denied him trial counsel in violation of the Sixth Amendment. On January 10, the court denied the motion, construing Krivi's request as an unauthorized § 2255 habeas motion that attempted to attack the original conviction. Krivi appealed.

The government responded that Krivi's appeal was untimely as to three out of the four orders. We remanded the case to the district court to conduct further proceedings on whether the prison that housed Krivi had a system designed for legal mail and whether Krivi had used it to file his notice of appeal. The government investigated the matter further and concluded that, based on new information, it appeared that the prison had not followed its own mailing procedures at the time of Krivi's appeal. The government thereafter moved to withdraw its argument over the untimeliness of Krivi's appeal, and the district court granted the motion.

With our jurisdiction secured, we can now turn to the merits of Krivi's appeal. Krivi devotes most of his brief to attacking his ten-year-old conviction. He argues, for example, that the district court (back in 2009) lacked jurisdiction over his case and violated his Sixth Amendment rights by refusing to provide him a lawyer. But Judge Rosenstengel correctly characterized Krivi's arguments as amounting to an unauthorized § 2255 habeas motion. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion."). These arguments are not properly before us, and we say nothing further about them.

Krivi next faults the district court for not amending the judgment under Federal Rule of Criminal Procedure 35, which authorizes the court, within fourteen days after sentencing, to correct a sentence that resulted from clear error. But Krivi's motion to amend the judgment came nearly a decade after sentencing, so Judge Rosenstengel

properly entered an amended judgment under Federal Rule of Criminal Procedure 36 ("[T]he court may at any time correct a clerical error in a judgment.").

Finally, Krivi contends that Judge Rosenstengel abused her discretion by granting his motion under 18 U.S.C. § 3582 to reduce his sentence. He says that he did not consent or authorize the public defender to submit that motion on his behalf, and he also wanted the chance to relitigate his sentence, which he believes resulted from a substantive error. But Judge Rosenstengel reduced Krivi's sentence to the newly applicable recommended minimum term of imprisonment, so Krivi received all the relief that was available to him under Amendment 782, and he was entitled to nothing more. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range … ."); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). It is apparent that Krivi sought to delay the judge's ruling so that he could again try to attack his original conviction. The judge recognized this and appropriately found no reasonable basis to delay her ruling.

We have considered Krivi's remaining arguments, and none has merit.

AFFIRMED