> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020*
Decided March 20, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2889

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 09-CR-365-3 |
| OLUSOLA AROJOJOYE,<br>    *Defendant-Appellant*. | Ronald A. Guzmán,<br>*Judge*. |

**O R D E R**

Raising an argument that this court has twice rejected, Olusola Arojojoye moved for a reduction in his sentence under the "compassionate release" provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). The district court construed Arojojoye's challenge to the length of his sentence as a successive motion under 28 U.S.C. § 2255 and

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

dismissed for lack of jurisdiction. That was appropriate, and so we deny Arojojoye's implied request for a certificate of appealability and dismiss the appeal.

For his part in a fraudulent check-cashing operation, Arojojoye pleaded guilty in 2011 to one count of bank fraud, 18 U.S.C. § 1433, and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(1). The court imposed a sentence of 109 months' imprisonment and 5 years' supervised release. Arojojoye had contested adjustments to his offense level including a 4-level increase for defrauding 50 victims or more. After resolving the disputes, however, the district court explained that the prison term was "the appropriate sentence in this case regardless of whether the guideline range is that being argued by the government or that being argued by the defense"; it was "based more on the [§] 3553 factors … than on any particular guideline range."

On direct appeal, Arojojoye challenged his conviction and sentence. He argued, among other things, that the district court erroneously increased his offense level based on 50 or more victims under the guidelines in effect on the date of his sentencing rather than when he committed his crimes (the latter had a narrower definition of "victim"). *United States v. Arojojoye*, 753 F.3d 729, 736–37 (7th Cir. 2014). Arojojoye asserted that, after the Supreme Court's decision in *Peugh v. United States*, 569 U.S. 530 (2013), this adjustment violated the Ex Post Facto Clause because it resulted in a higher guidelines range. *Arojojoye*, 753 F.3d at 736. He further argued that this violation resulted in a fundamentally unfair sentencing disparity between him and a co-defendant who was sentenced after *Peugh* and under the correct guidelines. But we concluded that this error was harmless because Arojojoye's sentence was not tied to a guidelines range. *Id*. at 737.

Arojojoye then filed a motion under 28 U.S.C. § 2255, again arguing that his sentence violated the Ex Post Facto Clause in light of *Peugh* and resulted in an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6). The district court denied the motion and did not issue a certificate of appealability, noting that we had rejected this argument on direct appeal. Furthermore, the district court explained, *Peugh* does not provide a basis for relief under § 2255. *Hawkins v. United States*, 724 F.3d 915, 918 (7th Cir. 2013). We, too, denied a certificate of appealability.[1]

---

[1] The district court later denied Arojojoye's post-judgment motion that challenged the amount of restitution, concluding it was barred as a successive § 2255 motion. We affirmed, but noted that, because Arojojoye's motion challenged restitution rather than custody, it was not successive but rather not cognizable under § 2255 at all. *Arojojoye v. United States*, Nos. 17-2397, 17-2972 (Mar. 30, 2018).

In May 2019, Arojojoye moved to modify his term of imprisonment under the compassionate release provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). The provision allows a court to reduce a defendant's prison sentence if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). Arojojoye argued that his sentence violates the policy of avoiding "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). The disparity between his sentence and his co-defendant's, he argued, was an extraordinary and compelling reason to reduce his sentence. The government disagreed, arguing that the compassionate release provision is not a vehicle for raising "a legal sentencing argument."

The district court found another problem with Arojojoye's motion. It recognized that although Arojojoye nominally requested relief under § 3582(c)(1)(A)(i), he was really attacking the length of his sentence—again. When "properly construed," the motion arose under 28 U.S.C. § 2255 and, because it was a successive motion filed without prior authorization from this court, the district court lacked jurisdiction to review it. *See* 28 U.S.C. § 2255(h); *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018). Alternatively, the district court ruled that Arojojoye's motion failed on the merits.

On appeal, Arojojoye argues that § 3582(c)(1)(A)(i) permits him to request a compassionate release "because of the disparity issue" and that the disparity "was never addressed" in his first motion under § 2255.[2] We need not reach the dubious argument that this is the kind of "compelling and extraordinary" circumstance contemplated by the First Step Act and the applicable policy statements of the Sentencing Commission. *See* U.S.S.G. § 1B1.13 cmt. n.1. The district court correctly construed Arojojoye's request as an unauthorized successive § 2255 motion.

Arojojoye's "compassionate release" motion expressly sought a modification of his prison sentence based on his argument that the disparity between his sentence and his co-defendant's was unwarranted. This is a challenge to the length of the prison

---

[2] Arojojoye was released from custody on March 6, 2020. But because his sentence includes a five-year term of supervised release, this appeal is not moot. *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) ("When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)).

sentence that was made on direct appeal and in the first § 2255 motion. And "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Only one such motion is permitted; successive motions must be authorized in advance by the court of appeals. 28 U.S.C. §§ 2244, 2255(h). Because we did not authorize its filing, the district court lacked jurisdiction to review what it properly construed as a successive § 2255 motion. *See Adams*, 911 F.3d at 403. To the extent that Arojojoye complains that his sentencing disparity argument has not been addressed in a § 2255 proceeding, that is irrelevant. There is a bar not only on previously decided claims but also on "any claim that has not already been adjudicated," except in limited circumstances not present here. *See* 28 U.S.C. § 2244(b)(1),(2).

Furthermore, because the district court's dismissal was "a final order in a proceeding under section 2255," Arojojoye must obtain a certificate of appealability to appeal it. 28 U.S.C. § 2253(c)(1)(B); *see Carraway*, 478 F.3d at 849. Arojojoye did not expressly seek one, so we construe his appellate filings as such a request. *West v. Schneiter*, 485 F.3d 393, 394–95 (7th Cir. 2007).[3] But Arojojoye has not made "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), so the request is DENIED, and we DISMISS the appeal.

---

[3] Were we to construe them, alternatively, as an implied application for leave to commence a second collateral attack, we would deny it. Arojojoye does not point to any new rule of constitutional law made retroactive by the Supreme Court nor any "newly discovered evidence" bearing on his guilt. 28 U.S.C. § 2255(h)*; United States v. Evans*, 224 F.3d 670, 675 (7th Cir. 2000).