**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021[*]
Decided January 27, 2021

*Before*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3524

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:06-cr-00896 |
| SALVADOR ROSALES, *Defendant-Appellant*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Years after his conviction for drug offenses, Salvador Rosales moved for a new trial or resentencing based on an alleged error in the government's notice to him before sentencing about his past convictions. Rosales sought relief under Federal Rule of Civil Procedure 60(b)(6), but the district court treated his motion under 28 U.S.C. § 2255 and denied it as untimely. Because the district court correctly handled the motion, we deny Rosales's implied request for a certificate of appealability and dismiss the appeal.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Before Rosales's trial, the government notified him that it would seek a statutory minimum of 20 years' imprisonment based on Rosales's prior felony drug conviction. *See* 21 U.S.C. § 851(a)(1). The original notice wrongly stated that Rosales was convicted of "manufacturing/delivery" of cocaine; he was only *charged* with that offense and was convicted instead of felony possession of cocaine. The government corrected its error before sentencing, the district court applied the sentence enhancement, and we affirmed that decision on appeal. *United States v. Gaya*, 647 F.3d 634, 642 (7th Cir. 2011).

Eight years after we affirmed his conviction, Rosales moved for relief from judgment, citing Federal Rule of Civil Procedure 60(b)(6). He argued that the government's amendment to its § 851 notice after trial violated his Sixth Amendment rights, so he was entitled to a new trial or resentencing. The district court denied his request as an untimely motion to vacate his sentence under 28 U.S.C. § 2255, which sets forth a one-year time limit. *Id.* § 2255(f). On appeal, Rosales argues that the district court erred in considering his motion under § 2255 instead of Rule 60(b)(6).

Although Rosales captioned his motion as one for relief under Federal Rule of Civil Procedure 60, the district court properly applied § 2255. "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence . . . should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007); *see also Castro v. United States*, 540 U.S. 375, 381–83 (2003) (describing procedure for federal district courts to recharacterize pro se litigant's post-conviction motion to match its substance and legal basis). Rosales's motion sought to vacate or alter his sentence and obtain a new trial or resentencing. It was thus a motion under § 2255, regardless of its label.

Before recharacterizing Rosales's motion, the district court should have given him "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has," *Castro*, 540 U.S. at 383, but the lack of that opportunity here was harmless. As mentioned above, § 2255 has a one-year statute of limitations, which began to run when Rosales's conviction became final in 2012, and thus had expired when Rosales filed his motion in 2019. *See* § 2255(f). Because he waited too long to seek relief, a "warning would have led either to the motion's withdrawal or to its conversion; in either event [Rosales] would lose." *See Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005).

Because the district court permissibly recharacterized Rosales's motion, we must dismiss his appeal. To proceed with an appeal on a motion under § 2255, Rosales must

first request and receive a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Carraway*, 478 F.3d at 849. We construe his notice of appeal and brief as a request for that certificate. *See* FED. R. APP. P. 22(b); *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 (7th Cir. 2015). But we deny the request because, for two reasons, Rosales has not made a "substantial showing of the denial of a constitutional right." § 2253(c)(2). First, as we have previously ruled, the error in the government's first 21 U.S.C. § 851 notice was "beyond harmless." *Gaya*, 647 F.3d at 642; *see also United States v. Rosales*, 818 F. App'x 565, 566–67 (7th Cir. 2020) (affirming denial of motion to reduce sentence). Second, we cannot grant Rosales a certificate of appealability because his 28 U.S.C. § 2255 motion was untimely. *See West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *see also Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

DISMISSED