**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[1]
Decided November 18, 2022

***Before***

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-1958

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-188-C-01 |
| KENNETH R. SMITH, *Defendant-Appellant.* | James D. Peterson, *Chief Judge*. |

**O R D E R**

Kenneth R. Smith is a federal prisoner appealing the denial of what he called a motion for compassionate release. The district court addressed the motion on the

---

[1] The United States filed a notice of noninvolvement and is not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

merits, but we conclude that it was an unauthorized successive collateral attack. Thus, we vacate and remand with instructions to deny the motion for lack of jurisdiction.

In 2009, Kenneth Smith pleaded guilty to producing child pornography. *See* 18 U.S.C. § 2251(a). Under a written plea agreement, he waived his right to a direct appeal (but not to collateral attacks) and was sentenced to 20 years' imprisonment. Smith later moved to vacate the sentence under 28 U.S.C. § 2255 on the ground that 18 U.S.C. § 2251(a) does not reach the conduct that he engaged in. The district court denied that motion, *Smith v. United States*, No. 15-cv-755-bbc, 2015 WL 7721845 (W.D. Wis. Nov. 30, 2015), as well as Smith's request to reconsider and then a "motion for clarification," No. 15-cv-755-bbc, 2015 WL 9484522 (W.D. Wis. Dec. 29, 2015). Shortly thereafter, the district court denied a second request for reconsideration and warned Smith that further requests would likely be denied without explanation. No. 15-cv-755-bbc (W.D. Wis. Feb. 23, 2016).

In the years since, Smith has continued to challenge his conviction—to no avail—through filings such as one "motion for hearing to correct illegal sentence," *United States v. Smith*, No. 08-cr-188-bbc (W.D. Wis. May 23, 2016), one "motion to file plain error," No. 15-cv-755-bbc (W.D. Wis. March 27, 2018), and two applications in this court for leave to file a successive collateral attack, No. 16-1918 (7th Cir. April 26, 2016); No. 19-2063 (7th Cir. June 4, 2019). All were unsuccessful.

Smith filed his first motion for compassionate release in 2021, once again asserting the illegality of his conviction and citing it as an extraordinary and compelling reason to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court[1] denied the motion for failure to exhaust administrative remedies and further noted that Smith's arguments had been heard and rejected previously. *United States v. Smith*, No. 08-cr-188-bbc, slip op. at 1 (W.D. Wis. Mar. 25, 2021). We affirmed, No. 21-1640 (7th Cir. Mar. 7, 2022), and acknowledged that even if Smith had exhausted administrative remedies, the district court rightly denied relief because prisoners cannot use motions for compassionate release to remedy supposed errors in a conviction or sentence, *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022).

Smith then filed what he styled as another motion for compassionate release—again raising arguments challenging his conviction—asserting that his due process rights were violated because his conduct aligned with "manufacture of child

---

[1] Judge Barbara B. Crabb was originally assigned to this case and handled all prior motions until the one currently under review, which was ruled upon by Chief Judge James D. Peterson.

pornography" but he was convicted of "sexual exploitation of a minor." The district court summarily denied his motion, citing *Thacker* and noting that Smith was yet again raising similar, if not the same, arguments about his conviction.

To the extent that Smith's motion was one for compassionate release, the district judge was correct that § 3582(c)(1) is not the mechanism to challenge an illegal conviction. *Thacker*, 4 F.4th at 574; *see also United States v. Brock*, 39 F.4th 462 (7th Cir. 2022); *United States v. Martin*, 21 F.4th 944 (7th Cir. 2021).

In light of the clear pattern of behavior that Smith's filings have displayed, we do not think Smith's request should be treated as a compassionate-release motion. The substance, not the label, of a request for relief controls how a court should treat it. *United States v. Carraway*, 478 F.3d 845, 848–49 (7th Cir. 2007). Smith raises the same theory regarding the unconstitutionality of his conviction that he raised in his original § 2255 motion, his § 2255(h) requests to file subsequent motions, and his first compassionate-release motion. Because Smith's post-conviction motion seeks to vacate, set aside, or correct a sentence, it substantively falls within the scope of § 2255. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Carraway*, 478 F.3d at 848. It might be the rare compassionate-release case in which we strictly apply this rule, but we do so here because Smith's record leaves no doubt.

As Smith is aware, permission from the court of appeals is required to file a successive collateral attack in district court. 28 U.S.C. § 2255(h); *Carraway*, 478 F.3d at 849. But he did not to seek or obtain permission before filing the "compassionate release" motion under review. Labelling a collateral attack as a different kind of motion does not allow Smith to circumvent the jurisdictional limitation on successive habeas actions. *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). The district court lacked jurisdiction to address the merits. *Curry*, 507 F.3d at 605–06; *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005).

As for the appeal, we can construe Smith's notice of appeal as an implicit request for permission to mount a successive collateral attack. *See Melton*, 359 F.3d at 858; *Lloyd*, 398 F.3d at 981. It is denied. Smith's challenge does not meet the statutory criteria under 28 U.S.C. § 2255(h) for successive collateral attacks: He has presented no newly discovered evidence nor a new, retroactive decision by the Supreme Court of the United States. He is rehashing arguments that this court and the district court have rejected multiple times; including in a properly labeled (first) motion to bring a successive collateral attack. *See* No. 16-1918 (7th Cir. May 9, 2016).

Smith has been warned repeatedly about his pattern of filings: The district court told him in 2016—after three motions for reconsideration of the denial of his § 2255

motion—that any more would likely be denied without explanation. No. 15-cv-755-bbc (W.D. Wis. Feb. 23, 2016). After he filed more motions and wrote directly to the court seeking a response, the court again told him that "any motion attacking your sentence will be reviewed and, unless it is accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the filing, [the district judge would] place the document in the file of this case and make no response to it." No. 15-cv-755-bbc (W.D. Wis. Aug. 22, 2016). Neither warning stopped Smith from filing, between 2016 and 2020, four additional motions, variously labelled, challenging the validity of his conviction. In February 2020, Smith received yet another warning from the district court that "[u]nless and until the law changes to permit [Smith] to file a successive collateral attack under 28 U.S.C. § 2255(h)(2), any documents, including motions, that [Smith] files in 08-cr-188 or in 15-cv-755 will be added to his court file, but not acknowledged or docketed." No. 15-cv-755-bbc, 2020 WL 5414895, slip op. at 1 (W.D. Wis. Feb. 24, 2020). It is apparent that these warnings have not stopped Smith from seeking to set aside, vacate, or correct his criminal sentence by mislabeling his motions and requests for relief.

We therefore conclude by warning Smith that he risks monetary sanctions and a filing bar under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) if he files another motion, no matter how labeled, challenging the validity of his conviction or sentence.

We VACATE the decision of the district court and REMAND with instructions to deny the motion for want of jurisdiction.