

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Adams v. Schultz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Adams v. Schultz" (2007). *2007 Decisions.* Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-270                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1239
_____

TIMOTHY ADAMS,
                    Appellant

v.

WARDEN SCHULTZ

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03756)
District Judge:  Honorable Noel L. Hillman

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: June 29, 2007 )
_____

OPINION
_____

PER CURIAM

        Timothy Adams appeals from an order dismissing his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Because we conclude that Adams' appeal

presents no substantial question, we will summarily affirm.

        In 1995, Adams was convicted of drug charges in the United States District

Court for the Middle District of North Carolina. He was sentenced to life imprisonment. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed.

In November 1997, Adams filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Ultimately, the District Court denied the motion. The Fourth Circuit agreed and denied a certificate of appealability. Subsequently, Adams filed a motion pursuant to Federal Rule of Civil Procedure 60(b). The District Court denied the motion and the Fourth Circuit affirmed.

In August 2006, Adams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey.[1] In the petition, Adams alleged that he was actually innocent of the crimes for which he was convicted. He raised the following claims in the petition: (1) the government used perjured testimony to help obtain the conviction; (2) trial counsel was ineffective because he had a conflict of interest; (2) trial counsel was ineffective for failing to investigate and call witnesses; (3) trial counsel was ineffective for failing to advise Adams whether it was his right to make the final decision regarding whether to testify at trial; and (4) trial counsel was ineffective in his cross-examination of witnesses. The District Court dismissed the petition. Adams timely filed a notice of appeal.

A federal prisoner's challenge to the legality of his sentence and conviction must be raised in a § 2255 motion, except where the remedy under § 2255 would be

---

[1] Adams is incarcerated at FCI-Fairton in Fairton, New Jersey.

inadequate or ineffective. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication on his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)(citations omitted). Section 2255 is ineffective or inadequate where a petitioner is in the unusual position of having "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citation omitted). However, Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke, 307 F.3d at 120 (citation omitted).

Adams' claims fall within the purview of § 2255 and he has not demonstrated that § 2255 is inadequate or ineffective. The claims could have been presented in a § 2255 motion, and raising them in a § 2241 petition amounts to an attempt to circumvent the gatekeeping provisions of § 2255.[2] Therefore, we will affirm.

---

[2] To the extent that Adams' petition was construed as a second or successive § 2255 motion, we agree with the District Court that it lacked jurisdiction to consider the motion because Adams did not obtain authorization to file a second or successive § 2255 motion. See 28 U.S.C. § 2255.

3