**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3931
_____

KRISHNA MOTE,
                              Appellant

v.

FRANCIS P. SEMPA,
Assistant U.S. Attorney

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01719)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 11, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: May 12, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Krishna Mote appeals from an order of the United States District Court for the

Middle District of Pennsylvania that dismissed his complaint seeking mandamus relief

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

concerning his criminal case in that court. For the reasons that follow, we will affirm the District Court's judgment.

Mote is incarcerated for his 2012 conviction on federal drug charges. After we affirmed his conviction on appeal, he unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. We later denied his petition for leave to file a successive § 2255 motion. In 2018, Mote filed a motion under Federal Rule of Civil Procedure 60(b) to reopen his initial § 2255 proceedings. Citing, inter alia, Napue v. Illinois, 360 US. 264 (1959), he challenged his conviction by alleging that his defense counsel failed to object to perjured testimony admitted at his trial. The District Court rejected his Rule 60(b) motion as an unauthorized second or successive § 2255 motion. We denied Mote's request for a certificate of appealability, stating, "Because Appellant sought to attack his underlying conviction, his Rule 60(b) motion was properly viewed as an unauthorized second or successive 28 U.S.C. § 2255 motion." See United States v. Mote, No. 18-2513 (3d Cir. Nov. 6, 2018) (order denying certificate of appealability). We also denied his motion to reopen the appeal.

Recently, in another effort to have his Napue claim heard, Mote filed his complaint seeking mandamus relief under 28 U.S.C. § 1361, seeking to compel the Assistant United States Attorney who prosecuted his criminal case to correct the allegedly perjured trial testimony. The assigned Magistrate Judge determined that Mote's conclusory statement that he is not challenging his conviction or sentence did not exempt his case from § 2255 and its limitations, when it was clear that Mote raised a challenge to the legality of his conviction. The Magistrate Judge thus recommended dismissal of the

complaint with prejudice, noting that any amendment to the complaint would be futile due to the unavailability of mandamus relief for Mote's claim. Over Mote's objections, the District Court adopted the Magistrate Judge's report and recommendation and dismissed Mote's complaint. Mote filed a timely appeal.[1]

A district court has jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A party seeking the issuance of a writ of mandamus must "have no other adequate means to attain the relief he desires," and must show that the "right to issuance of the writ is clear and indisputable." Stehney v. Perry, 101 F.3d 925, 934 n.6 (3d Cir. 1996) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (internal quotations and citations omitted)).

We agree with the District Court's determination that mandamus is not an available remedy here. Mote cannot show that he has no other adequate means for raising his claim, because the proper avenue for presenting a collateral challenge to a federal conviction or sentence is a § 2255 motion. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Mote argues that his prior § 2255 and Rule 60(b) litigation history establishes that he has no other adequate remedy available to him. While it is true that Mote now would need our prior authorization under § 2255(h) before filing another § 2255 motion, a litigant's personal inability to file another § 2255 motion or to satisfy

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a writ of mandamus for an abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Inter. Unit 17, 843 F.2d 122, 125 (3d Cir. 1988).

the applicable authorization standard does not constitute an extraordinary situation warranting mandamus relief.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam).  Stated another way, mandamus does not become available just because of a prior § 2255 denial or because § 2255's gatekeeping provisions make it harder to pursue a successive motion.  Cf. Dorsainvil, 119 F.3d at 251 (holding that § 2241 federal habeas relief does not become available simply because a petitioner cannot satisfy the § 2255 gatekeeping requirements); Stehney, 101 F.3d at 934 (extraordinary relief of mandamus is not warranted where movant could have brought a challenge under the Administrative Procedures Act).  Mote cannot circumvent the restrictions on filing § 2255 motions merely by filing another document with a different label.  See, e.g., Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

We conclude that the District Court correctly dismissed Mote's attempt to challenge the legality of his conviction by way of a mandamus complaint.[2]  Thus, we

---

[2] Mote appears to argue that we have allowed mandamus as a means of seeking relief on claims based on the prosecution's failure to correct perjured testimony.  In support, he cites Adams v. Schultz, 237 F. App'x 739 (3d Cir. 2007) (per curiam), and United States v. Jones, No. 1:10-CR-181-2, 2017 U.S. Dist. LEXIS 21647, 2017 WL 620813 (M.D. Pa. Feb. 15, 2017), superseded by No. 1:17-cv-00493, 2017 WL 1049389 (M.D. Pa. Mar. 20, 2017).  See Appellant's Br. at 3-4.  These cases are not binding precedent, and regardless, they do not help Mote.  Adams did not involve mandamus at all; we held that the federal prisoner's attempt to challenge the legality of his conviction in a § 2241 habeas petition

4

need not reach Mote's arguments concerning whether he has shown a clear and indisputable right to the issuance of the writ under § 1361. We will affirm the District Court's judgment.

---

amounted to an attempt to circumvent § 2255, and the district court lacked jurisdiction. See Adams, 237 F. App'x at 741. In Jones, the district court assumed but did not decide whether the petitioner had no other adequate means to obtain relief, because it was clear that the petitioner had failed to show a clear and indisputable right to relief on his Napue claim. See Jones, 2017 WL 1049389, at *2.